**SOCIÉTÉ MAGNUS & CO., by its Liquidator Jacques Weil, and Andre Magnus, on behalf of himself and as attorney-in-fact for Suzanne Elisa Pillier Magnus, Fred Edouard Magnus, and Maurice Albert Magnus, and I. Singer, Plaintiffs,**

v.

**Monroe L. EINSTEIN and Spraylat Corp., Defendants.**

United States District Court
S. D. New York.
June 30, 1956.

---

1. Walle v. Dallett, D.C.S.D.N.Y., 136 F. Supp. 102, 103.

2. Cf. Pollack v. Aspbury, D.C.S.D.N.Y., 14 F.R.D. 454.

charged that defendant Einstein "caused Spraylat Corporation to appropriate for its benefit and for the benefit of its stockholders the business, other assets and business opportunities of Materials Protector Corporation and through the medium of Spraylat Corporation exploited the processes relating to the patents held by Materials Protector Corporation for the sole and exclusive benefit of Spraylat Corporation and its stockholders."

Plaintiffs ask (a) for an injunction against transfer of Spraylat shares, against disposition of any Spraylat assets and against transfer, usurping or appropriating any business opportunities belonging to Materials Protector Corporation, (b) a direction that defendants account for their dealings with plaintiff's assets and for any profits derived through the appropriation of business opportunities belonging to plaintiffs, (c) a judgment that Spraylat holds the assets of Materials Protector Corporation under a constructive trust for plaintiffs and (d) a direction that plaintiffs recover $250,000 as damages for wrongful appropriation of plaintiffs' business and business opportunities.

The claim as alleged has many of the characteristics of the conventional action brought by a stockholder to recover for a wrong done the corporation. Indeed, the complaint contains not a single allegation indicating any wrong done to any plaintiff except as a result of injury to Materials Protector Corporation. Under those circumstances the general rule is that the corporation must be a party to the action. Davenport v. Dows, 18 Wall. 626, 21 L.Ed. 938; Meyer v. Fleming, 327 U.S. 161, 167, 66 S.Ct. 382, 90 L.Ed. 595.

Plaintiffs, however, say that in this case the presence of the corporation is unnecessary and cite in support of their position four cases: Southern Pacific Co. v. Bogert, 250 U.S. 483. 39 S.Ct. 533, 63 L.Ed. 1099; Nave-McCord Mercantile Co. v. Ranney, 8 Cir., 29 F.2d 383; Landell v. Northern Pac. Ry. Co., D.C.D.C.,

Lewy, Rosoff & Stern, New York City, for plaintiffs, Pennie, Edmons, Morton, Barrows & Taylor, New York City, of counsel.

Stern & Reubens, New York City, for defendants, Harry Buchman, New York City, of counsel.

DIMOCK, District Judge.

Defendants move, among other things, to dismiss the complaint for failure to state a claim upon which relief can be granted, under Rule 12(b), F.R.C.P., 28 U.S.C.A.

The action is one by stockholders of Materials Protector Corporation, not a party to the action, against Monroe Einstein, a stockholder, and Spraylat Corporation, a corporation which he is alleged to have caused to be formed. It is

98 F.Supp. 479; and Perlman v. Feldmann, 2 Cir., 219 F.2d 173.

In Southern Pacific Co. v. Bogert, 250 U.S. 483, at page 487, 39 S.Ct. 533 at page 535, Justice Brandeis said, "the minority stockholders do not complain of a wrong done the corporation". In Nave-McCord Mercantile Co. v. Ranney, 8 Cir., 29 F.2d 383, at page 388, Judge Sanborn said, "[t]he wrong complained of * * * is not a wrong done to the old company by the new, but a wrong done to the plaintiff by those who controlled the old company and the new". Landell v. Northern Pac. Ry. Co., D.C. D.C., 98 F.Supp. 479, accepted the Bogert case as authority. These cases stand, therefore, only for the rule that, where there has been no wrong done to the corporation, the corporation is not a necessary party. These cases manifestly are of no help to plaintiffs who allege that the corporate opportunities of Materials Protector Corporation were misappropriated.

In Perlman v. Feldmann, 2 Cir., 219 F.2d 173, at page 176, while the court, characterized the action of defendants as "misappropriation" of "corporate opportunities", this misappropriation was accomplished by a sale of the defendant's majority holdings of the corporation's stock to another corporation known as Wilport Company. In explaining why presence of the first corporation was unnecessary, Chief Judge Clark said, 219 F.2d at page 178, "[a]nd plaintiffs, as they contend, are entitled to a recovery in their own right, instead of in right of the corporation (as in the usual derivative actions), since neither Wilport nor their successors in interest should share in any judgment which may be rendered." In the instant case, an award of relief to Materials Protector Corporation would not result in benefit to an undeserving third party such as the Wilport Company in the Perlman case.

I conclude therefore that the general rule should here prevail. Since Materials Protector Corporation is thus a necessary party and is not joined, the complaint is fatally defective under Rule 12(b) (7) F.R.C.P. Plaintiffs may, however, have 60 days from the publication of a note of this memorandum in the New York Law Journal to make that corporation a party. Leave to do so is hereby granted.

This determination is without prejudice to the reassertion of any or all of the other points raised by defendants on this motion. None of them have been passed upon. I suggest, however, that plaintiffs consider the advisability of amending the complaint so as either to make it clear that the action is brought on behalf of all stockholders other than defendant * or demonstrate that all stockholders are parties to the action. If the latter alternative is adopted plaintiffs should consider whether an allegation that someone sues as attorney-in-fact for another makes that other a party to the action.

Defendants moved that examination of defendants Einstein and Spraylat, formerly noticed for March 26, 1956, be held in abeyance until the decision of this motion. Plaintiffs consented thereto on condition that plaintiffs' priority be preserved. If plaintiffs make Materials Protector Corporation a party defendant within the time herein provided for, plaintiffs' priority of examination will be preserved and the time therefor will be fixed by the court if the parties cannot agree upon it. If Materials Protector Corporation is not so made a party, the notice of examination will fall with the dismissal of the action.

Motion to dismiss granted upon terms as above stated.

Motion to hold examination in abeyance granted on terms as above stated.

* See 1 Cyclopedia of Federal Procedure Forms § 684, note 66.