James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

SCHOOL BOARD, NEW KENSINGTON-ARNOLD SCHOOL DISTRICT, et al., Defendants.

Civ. A. No. 71–1199.

United States District Court, W. D. Pennsylvania.

Aug. 25, 1972.

Louis Weiner, Regional Solicitor, U. S. Dept. of Labor, Philadelphia, Pa., Richard L. Thornburgh, U. S. Atty., Western District of Pennsylvania, Pittsburgh, Pa., for plaintiff.

James Q. Harty, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

OPINION

TEITELBAUM, District Judge.

This action is brought by the United States under the Equal Pay Act of 1963 ("the Act") (29 U.S.C. § 201 et seq.). The named defendants are the employer, School Board, New Kensington-Arnold School District, and two of its operatives, Theodore Sluser and Wil-

liam L. Irvine. The principal allegation is that the defendant compensates certain of its employees in violation of the Act. The defendant, asserting that it compensates those certain employees in accordance with the terms of a collective bargaining agreement which it has with Service Employees International Union, AFL–CIO and Local 585, Service Employees International Union, AFL–CIO, has moved to join them and certain of their agents under Rule 19 of the Federal Rules of Civil Procedure as indispensable parties defendants.

Rule 19 provides, in pertinent part, as follows:

> "(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest."

This subdivision of Rule 19 is concerned basically with the joining of interested parties when it is "feasible". By contrast, subdivision (b) of Rule 19 captioned "Determination by Court Whenever Joinder not Feasible" is concerned with the dismissal of an action when it is not feasible to join an interested party if the interested party is "indispensable".

The distinction between the two subdivisions, delineated as early as 1854, is an important one. In Shields v. Barrow, 17 How. 130, 15 L.Ed. 158 (1854), it was pointed out that persons with merely an interest are "necessary", while those with an interest which if untreated with will leave the controversy unresolved in all its aspects are "indispensable". Although the rule was revised in 1966, the distinction was preserved. See Culinary Workers and Bartenders Union, Local 814 v. Salatich, 318 F.Supp. 1047 (D.C.C.D.Cal.1970); See 3A Moore's Federal Practice ¶ 19.05 [1]. In essence, then, subdivision (a) deals with who should be joined when feasible, i. e., when jurisdiction will not be destroyed, while subdivision (b) deals with whether or not, when it is not feasible to join who should be joined, an action should be dismissed.

The present motion is to compel joinder under subdivision (a) on the theory that it is feasible and the proposed defendants are necessary. The Advisory Committee's Note of 1966 counsels that that subdivision "defines the persons whose joinder in an action is *desirable*". 3A Moore's Federal Practice ¶ 19.01 [5]. [Emphasis supplied] Professor Moore's view of that subdivision is that,

> "Since the consequence of holding the absent person necessary under subdivision (a) is less serious, if it is feasible to join him, than holding him indispensable under subdivision (b), the tests of clauses (1) and (2) should be applied broadly under subdivision (a) to require joinder thereunder of a conditionally necessary party." 3A Moore's Federal Practice ¶ 19.07–1[0].

Here the persons sought to be joined are all subject to service of process and if joined will not deprive this court of jurisdiction over the subject matter. The plaintiff's objections to the joinder are (1) that the proposed defendants are, on the merits, not liable and (2) that the defendants would not be faced with inconsistent obligations if the plaintiff prevails.

■ The first objection is irrelevant to a motion under Rule 19. The second objection, however, is at the heart of

the motion. Whether or not the proposed defendants are to be joined depends upon whether or not they claim "an interest relating to the subject of the action and [are] so situated that the disposition of the action in [their] absence may . . . leave [the defendant] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation by reason of [the proposed defendants'] interest".

██ It is undoubted that the proposed defendants have an interest relating to the subject of this action. The thrust of the plaintiff's objection, rather, is that since the Act would require the defendant to increase the compensation of those certain of its employees against whom it allegedly discriminates to the level of the other similarly situated employees, the proposed defendants would not be displeased, and therefore the defendants would not be confronted with inconsistent obligations. The qualifier, however, is that the defendants *may* be subject to a risk of inconsistent obligations. Whether or not the proposed defendants would be pleased or displeased, or their interest furthered or not furthered is not the focus of Rule 19. Nor is it the probabilities or improbabilities of later action by the proposed defendants against the defendants. Since the purpose of subdivision (a)(2)(ii) is, specifically, to protect those who are already parties to an action, it is more the possibilities or impossibilities.

██ This action endemically involves the potential for altering and restructuring the compensation provisions of the collective bargaining agreement between the defendant and the proposed defendants. From that altering and restructuring there arises at least a possibility of later action by the proposed defendants against the named defendants. Therefore, I think that the purposes of Rule 19 would best be served by granting the named defendants' motion. See Balter v. Ickes, 67 App.D.C. 112, 89 F.

2d 856 (1937), cert den'd, 301 U.S. 709, 57 S.Ct. 941, 81 L.Ed. 1363 (1937); Window Glass Cutters League v. American St. Gobain Corp., 428 F.2d 353 (3rd Cir. 1970); Neal v. System Board of Adjustment, 348 F.2d 722 (8th Cir. 1965); and Bond v. Harris, 239 F.Supp. 427 (D.C.S.D.N.Y.1964).

An appropriate order will be entered.