RICCI, Alexander D., Appellant,

v.

STATE BOARD OF LAW EXAMINERS et al., Desmond McTighe, Abraham H. Lipez, Justin M. Johnson, John W. English, Sr., and Anthony S. Minisi.

No. 77–1352.

United States Court of Appeals, Third Circuit.

Argued Nov. 28, 1977.

Decided Jan. 26, 1978.

Alan H. Bernstein, Caesar, Rivise, Bernstein & Cohen, Ltd., Philadelphia, Pa., for appellant.

Bernard G. Segal, Bernard J. Smolens, James D. Crawford, Deena J. Schneider, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellees.

Before SEITZ, Chief Judge, GARTH, Circuit Judge, and BROTMAN, District Judge.*

## OPINION OF THE COURT

PER CURIAM.

Plaintiff was admitted to the practice of law before the United States Court of Appeals for the District of Columbia on September 9, 1965, after having passed the District's bar examination. He both resided and actively practiced law in the District from September 1965 until March 1968 when he moved to Pennsylvania where he has since been employed as a full time attorney with Betz Laboratories, Inc. of Trevose, Pennsylvania. However, he has continued to practice "District of Columbia law" before several federal agencies from his Trevose office and has been physically within the District approximately 30 working days per year since 1968.

---

* The Honorable Stanley S. Brotman, United States District Judge for the District of New Jersey, sitting by designation.

Plaintiff applied for admission to the bar of the Supreme Court of Pennsylvania under Rule 9 of the Pennsylvania Supreme Court. The relevant portion of Rule 9A(2) provides as follows: [1]

"A. An attorney of the highest court of another state having jurisdiction over the admission to practice of attorneys at law (the term 'state' includes territories and the District of Columbia) . . . may, in the discretion of the State Board, be recommended for admission to the bar of this court without bar examination, if he files his Petition with the State Board and presents:

\* \* \* \* \* \*

"2. proof satisfactory to the State Board that he practiced law outside of Pennsylvania for at least five years . . . ."

Plaintiff's application was denied by the State Board of Law Examiners (State Board) on September 5, 1972. The Supreme Court of Pennsylvania denied plaintiff's appeal under Rule 14B [2] on January 8, 1973 and his motion for reconsideration on February 20, 1973. A second application by plaintiff was denied by the State Board on March 14, 1975 and the Pennsylvania Supreme Court again denied his appeal on July 5, 1975.

Plaintiff filed an action in the district court praying for: (1) the convening of a three judge district court; (2) a declaratory judgment that Rule 9A(2) of the Rules of the Supreme Court of Pennsylvania violates the due process and equal protection provisions of the Fourteenth Amendment of the Constitution as well as the Full Faith and Credit Clause and (3) an order that the State Board apply Rule 9A(2) to plaintiff in the same manner as such rule has been applied to members of the bars of other states residing in states other than Pennsylvania.

The district court declined to convene a three-judge court; granted summary judgment in favor of the State Board; denied plaintiff's motion for summary judgment; and ruled that, absent the order granting the State Board summary judgment, the cause would have been dismissable because the Supreme Court of Pennsylvania rather than the State Board would be the needed defendant in the action.

It is agreed that plaintiff is qualified for admission to the Pennsylvania Bar under Rule 9 except for the State Board's ruling that he has not practiced law *outside* of Pennsylvania for the requisite five years.

Since the three judge court statute was viable at the time the complaint was filed, we first consider whether the district court committed error in not requesting that a three judge court be convened.

█ It is perfectly clear that insofar as the complaint seeks a judgment declaring that Rule 9A(2) violates the designated Constitutional provisions, it is not a proper subject matter for convening a three judge court. The three judge court statute applies only to requests for injunctive relief: *United States ex rel. Souder v. Watson*, 413 F.Supp. 711, 714 (M.D.Pa.1976).

█ Plaintiff does in effect seek an injunction under his prayer for an order directing the State Board to construe Rule 9 so as to include him. However, it is not the function of a federal court to interpret a state court rule contrary to the interpretation placed on it by the state's highest court. *See O'Brien v. Skinner*, 414 U.S. 524,

1. On June 6, 1977, the Supreme Court of Pennsylvania amended the Pennsylvania Bar Admission Rules. In doing so the court redesignated the rules and promulgated Rule 204 which, for the purposes of this case is essentially the same as Rule 9. *See In Re Pennsylvania Bar Admission Rules* , No. 43, slip op. at 11–12 (1977). Rule 204(2)(3)(i) continues to require that one who seeks admission to the Pennsylvania Bar without sitting for an examination must have "practiced law outside of the Commonwealth in a reciprocal state for at least five years." *Id.*

2. Rule 14B provides in pertinent part as follows:

B. With the exception of the decision of the State Board that an applicant has passed or failed a bar examination, any order or ruling by the State Board may be reviewed by this Court of its own motion or may be the subject of appeal to this Court by the person aggrieved. . . . Sup.Ct. of Pa.R. 14B (1977).

531, 94 S.Ct. 740, 38 L.Ed.2d 702 (1974). To the extent the complaint seeks such relief, we conclude that it does not warrant the convening of a three judge court.

We therefore conclude that the district court did not err in refusing to request the convening of a three judge court here.

■ Defendants contend that the district court was required to dismiss under F.R. Civ.P. 12(b) because of the failure to join a needed party within the requirements of F.R.Civ.P. 19(a). They asserted that issue in support of their motion for summary judgment. The district court felt that it could not grant summary judgment on such a ground, citing *Martucci v. Mayer,* 210 F.2d 259 (3d Cir. 1954). We agree that the district court could not grant summary judgment on that ground but we also think that it could have entered an order dismissing the complaint under F.R.Civ.P. 12(b). We address this issue at the outset, even though the district court rested its decision only upon its view of the merits of plaintiff's constitutional claims, because the presence of the needed party would be essential, as hereinafter developed, if the relief requested were to be granted.

Under Section 10(c) of Article V of the Pennsylvania Constitution, the Supreme Court is responsible for prescribing rules governing admission to the bar. Under Rule 7, the State Board is appointed by the Supreme Court and is responsible to that body for the enforcement of its rules concerning registration and admission to the bar. The State Board can only issue a certificate recommending admission to the bar of the Supreme Court. The actual admission is controlled by the Supreme Court, albeit in routine cases it acts through its agent in perfecting the admission process.

■ Given the structure of the admission process under Pennsylvania law, we think the "last word" with respect to plaintiff's right to admission rests with the Supreme Court. The Supreme Court is therefore an indispensable party to this action which seeks to invalidate one feature of its established rules. Given the thrust of the language of F.R.Civ.P. 19(a), the Supreme Court of Pennsylvania needed to be joined for a just adjudication of plaintiff's complaint. It is not suggested that the Supreme Court of Pennsylvania could not legally be required to be a party to this type of litigation.

Needless to say, we are expressing no opinion as to the plaintiff's argument on the merits.

The judgment of the district court will be vacated and the case remanded to the district court for the entry of an order of dismissal unless, on timely request, the district court should see fit to exercise its discretion to allow an amendment to substitute parties.