John Michael **HERMES**, Burt Kaminsky, Arthur Hockstadter, Timothy Hillyer, Frank Murphy, Michael Rompala, Jr., Michael Staufenbiel, Dexter Gorski, Lawrence Parks, Bruce P. Batka, and William Sharpe, Plaintiffs,

v.

William **HEIN**, Individually and as President of the Village Board of the Village of Wheeling, Illinois; Ronald Bruhn, Individually and as Chairman of the Board of Fire and Police Commissioners of the Village of Wheeling, Illinois; Jack Metzger, Individually and as Secretary of the Board of Fire and Police Commissioners of the Village of Wheeling, Illinois; Jerome Vesecky, Individually and as a Member of the Board of Fire and Police Commissioners of the Village of Wheeling, Illinois; and the Village of Wheeling, an Illinois Municipal Corporation and Body Politic, Defendants.

No. 79 C 749.

United States District Court, N. D. Illinois, E. D.

Nov. 16, 1979.

Michael J. Wall and Joseph A. Morris, Rothschild, Barry & Myers, Chicago, Ill., for plaintiffs.

Gary A. Weintraub, Jann, Carroll, Kruse & Sain, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This is an action brought by police officers of the Village of Wheeling pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 alleging that the defendants violated their First, Fifth and Fourteenth Amendment rights. The defendants in this case are the members of the Village of Wheeling Board of Fire and Police Commissioners, the President of the Village Board of Wheeling, and the Village of Wheeling. The individual defendants are charged with falsifying and rigging the results of competitive examinations conducted to determine eligibility for promotion in the Wheeling Police Department. The complaint also charges the defendants with unlawfully manipulating the criteria for determining the numerical rank of each candidate on a statutorily mandated promotional eligibility roster. The complaint also alleges that the President of the Village Board of Wheeling and the members of the Village Board of Fire and Police Commissioners entered into a conspiracy in order to assure the promotion of police officers whose political affiliations were acceptable to them.

Two separate examinations were held in 1978. One examination related to eligibility for promotion to the rank of Lieutenant and one examination related to eligibility for promotion to the rank of Sergeant.

Presently before the court is defendants' motion to dismiss the complaint and plaintiff Hermes' motion for summary judgment on Count I.

### I. Defendants' Motion to Dismiss

A. *Failure to state a claim upon which relief can be granted.*

Several grounds for dismissal or for alternative relief are raised. Defendants first argue that each of the four counts of the complaint fails to state a claim upon which relief can be granted.

Count I charges that the defendants rigged and manipulated the promotional examination and eligibility criteria for Lieutenants and thereby deprived plaintiff Hermes of his civil rights in violation of 42 U.S.C. § 1983 by wrongfully denying him a promotion.

Count II realleges the allegations of Count I but is founded on an alleged violation of 42 U.S.C. § 1985(1) and § 1985(3). Count II charges that the four individual defendants conspired to falsify the results of the examination and manipulate the order of eligibility for promotion to Lieutenant.

Counts III and IV mirror Counts I and II of the complaint but are concerned with the 1978 Sergeants' examination and eligibility roster.

The defendants argue that the complaint does not allege either a violation of the First Amendment's free speech clause, or a violation of the due process clause or equal protection clause of the Fourteenth Amendment.

With respect to a violation of the due process clause, defendants first argue that the complaint does not implicate a protected property interest.

The entitlement which the plaintiffs allege in the first two counts of the complaint is an entitlement to (1) the office of Lieutenant, (2) the wages and benefits attendant to that office, and (3) opportunities for professional advancement. The plaintiffs argue in their memorandum in response to defendants' motion to dismiss that the Illinois Municipal Code creates a property interest in promotional eligibility. This court does not agree. In order to establish a protected property interest "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564 at 577, 92 S.Ct. 2701 at 2709, 33 L.Ed.2d 548 (1972). On the other hand, a "person's interest in a benefit is a 'property' interest for due process purposes if there are . . . rules or mutually explicit understandings that support his claim of entitlement to the benefit . . . ." *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).

■ In this case the complaint alleges no more than a "unilateral expectation" of promotion. The Illinois statute that provides the procedures for determining promotional eligibility is Ill.Rev.Stat. ch. 24, § 10–2.1–15. It provides for promotional eligibility as follows:

> The board, by its rules, shall provide for promotion in the fire and police departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to examination. *All promotions shall be made from the three having the highest rating,* and where there are less than three names on the promotional eligible register, as originally posted, or remaining thereon after appointments have been made therefrom, appointments to fill existing vacancies shall be made from those names or name remaining on the promotional register. (emphasis added).

The statute clearly allows the Board of Fire and Police Commissioners to promote any of the top three candidates and does not restrict their discretion in choosing from among the top three candidates. It is clear that plaintiff Hermes cannot complain that he was denied a promotion to which he was entitled since even if he had been among the top three candidates for promotion or even if he had been ranked number one on the eligibility roster, he alleges no basis for finding that he was entitled to a promotion as a result of that *ranking.* Clearly, under the statute he would have no more than a unilateral expectation of promotion.

Plaintiff Hermes attempts to avoid the clear implication of the statutory language by phrasing his alleged property interest in terms of his interest in promotional eligibility rather than promotion. Assuming *arguendo* that Hermes has a property interest in promotional eligibility *per se,* he has not been denied this interest since he was among the three candidates eligible for promotion. *See* Exhibits B, C, and E, attached to Plaintiff Hermes Motion for Summary Judgment.

Plaintiff Hermes also seeks to establish a property interest in promotion by arguing that it is the unwavering custom and stated policy of the Board to promote the number one candidate from an eligibility roster to any vacancy that occurs. (Affidavit of John Hermes, attached to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, p. 2). *See Perry v. Sindermann, supra.* Thus "rigged" eligibility rosters would result in Hermes being ranked second rather than first on the eligibility roster and would deny him a promotion to which he would otherwise have been entitled. The problem with this argument is that there is no allegation in the complaint from which this court could determine that the alleged property interest in promotion exists as a result of the unwavering custom of the Board to fill vacancies in order of rank on the promotional eligibility roster.

■ The affidavits submitted may not be considered for purposes of defendants' motion to dismiss under Rule 12(b)(6), Fed.R. Civ.P., and therefore do not serve to cure the defect in the complaint. It should be noted, however, that these affidavits do not settle the issue as to whether or not plaintiffs have a property interest in promotion under the *Sindermann* "mutually explicit understanding" language since it is reasonably clear from a reading of defendants' affidavits that they did not feel bound to promote on the basis of order on the eligibility roster *per se,* but understood themselves to have the authority to fully consider each of the top three candidates on the eligibility list. Therefore, even if this court were to consider these affidavits and treat defendants' motion to dismiss as a motion for summary judgment, the court would not be able to find that Hermes' affidavit alone establishes as a fact that the plaintiffs are entitled to be promoted in the order of their rank on the eligibility roster.

Count I of the complaint therefore fails to state a claim based on the due process clause, since, reading all allegations as true

and construing the complaint most favorably to the plaintiffs, it fails to allege any basis for finding that plaintiff Hermes has a property interest in the promotion to the rank of Lieutenant. The court will allow plaintiffs until December 14, 1979 to amend the complaint in this respect.

█ Count I does state a claim upon which relief can be granted based on the allegation that the defendants discriminated against Hermes on account of his political affiliation. In construing Count I most favorably to the pleader for purposes of this motion to dismiss, it is clear that the alleged acts of defendants in rigging the results of the examination and the rank order of the promotion were done in order to favor those whose political affiliations were acceptable to the defendants. Thus, the complaint alleges a violation of plaintiffs' First Amendment rights as made applicable to defendants by the Fourteenth Amendment. *Perry v. Sindermann, supra* at 597–98, 92 S.Ct. 2694.

Count III alleges that the promotional examination and the eligibility roster for Sergeants was unfairly rigged in the same manner and for the same reason as the Lieutenants' examination and eligibility roster. The court reaches the same conclusion with respect to Count III, *i. e.,* that while plaintiffs have failed to allege a violation of the due process clause based on an entitlement to promotion, they have stated a claim based on political discrimination.

Since Counts I and III sufficiently allege a violation of the plaintiffs' First and Fourteenth Amendment rights, Counts II and IV, the related conspiracy claims, must also stand since 42 U.S.C. § 1985(3) states that an unlawful conspiracy exists when "two or more persons . . . conspire . . . for the purpose of depriving . . . any person or class of persons of . . . the equal protection of the laws, or of equal privileges and immunities under the laws." Here the complaint clearly alleges acts of political discrimination which infringe plaintiffs' First Amendment rights.

█ Defendants argue that § 1985(1) does not apply to this case and for the reasons stated in defendants' brief, this court agrees.

In regard to the conspiracy counts, the defendants also argue that the conspiracy itself is insufficiently pleaded. The court does not agree with this contention and will therefore deny defendants' motion to dismiss Counts II and IV for failure to allege the necessary elements of conspiracy with sufficient specificity. Counts II and IV sufficiently plead the acts done by the defendants and the purpose of the alleged acts by their incorporation by reference of most of Counts I and III.

It is clear to this court that the allegations give the defendants adequate notice of the scope of the alleged conspiracy, its purpose and its membership. In alleging that all individual defendants directly participated in the alleged scheme to rig the promotional eligibility rosters, the plaintiffs have sufficiently alleged that these defendants acted in concert.

B. *Statute of Limitations.*

█ The defendants also contend that this action is barred by the statute of limitations. Since § 1983 and § 1985 actions are not subject to a federal statute of limitations, the court must look to state law to provide one. *Beard v. Robinson,* 563 F.2d 331 (7th Cir. 1977). *Beard* clearly holds that in this circuit claims under the Civil Rights Acts brought in a district court sitting in Illinois are governed by the five-year Illinois statute of limitations applicable to all statutory causes of action that do not contain their own limitation period. *Beard v. Robinson,* 563 F.2d 331, at 338.

C. *Failure to Join Necessary Parties.*

█ Defendants also contend that plaintiffs should be required to amend their summons and complaint to name as additional defendants the two police officers who actually received the promotions following the examinations. The court agrees. Under Rule 19(a), Fed.R.Civ.P., these officers clearly have an interest relating to the

subject of the action, namely, the promotions they received, that might be jeopardized by a judgment for plaintiffs in this suit. It is reasonable to assume that both officers are so situated that the disposition of the action in their absence is likely to impair their ability to protect their promotions.

Finally, a judgment for plaintiffs in this suit might force the defendants to demote and re-examine the two officers in question. This possibility would expose defendants to the risk of new litigation. Also, the request for an injunction ordering that the plaintiffs be promoted presents the defendants with the prospect of paying double salaries or demoting the previously promoted officers. The failure to join these parties does not, however, require the dismissal of the complaint pursuant to Rule 12(b)(7), Fed.R. Civ.P. Dismissal is generally considered to be warranted only in situations "where the defect cannot be cured." C. Wright & A. Miller, Federal Practice and Procedure, § 1359 at 628. In the present case it appears that the two promoted officers can easily be joined. That being so, the motion to dismiss is denied. The denial of this motion, however, is without prejudice as to its renewal if the plaintiffs fail to join the promoted police officers as party defendants by December 14, 1979. Plaintiffs are given leave to amend their complaint accordingly. *Smith v. American Federation of Musicians,* 46 F.R.D. 24, 28 (S.D.N.Y. 1968); *see Societe Magnus & Co. v. Einstein,* 20 F.R.D. 38, 40 (S.D.N.Y.1956).

### D. *Qualified Immunity of the Individual Defendants.*

 The court must also deny the defendants' motion to dismiss the complaint against the individual defendants. Defendants contend that they are protected by the doctrine of qualified immunity. Under the qualified immunity doctrine, *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978) and *Wood v. Strickland,* 420 U.S. 408, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), an executive official may be liable for acts done in his official capacity when those acts were done with a malicious intention to deprive plaintiffs of their constitutional rights. Taking plaintiffs' allegations as true, the complaint establishes that the defendants conspired to falsify examination scores and rig promotional eligibility in order to promote those who were politically acceptable to the Board. This allegation is sufficient to persuade this court that the operation of the doctrine of qualified immunity has not been shown to require the dismissal of the individual defendants at this stage of the case. Even were it plaintiffs' burden to plead bad faith in order to establish their case, *see Cruz v. Beto,* 603 F.2d 1178 (5th Cir. 1979), these allegations are sufficient to place the good faith of the defendants at issue. Restrictions on the exercise of First Amendment rights by public officials should have been known by defendants to be unlawful. As the Supreme Court said in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1979), a court may hold an official liable who "knows or should know he is acting outside the law. . . . [I]nsisting on an awareness of clearly established constitutional limits will not unduly interfere with the exercise of official judgment." *Butz, supra* at 506–07, 98 S.Ct. at 2911. The allegations of this complaint allege official misconduct constituting an intentional attempt to discriminate on the basis of political affiliation. Public employment decisions cannot be conditioned on the exercise, or abstention therefrom, of First Amendment rights. *See Perry v. Sindermann,* 408 U.S. at 597, 92 S.Ct. 2694 (1972) (collecting cases).

### E. *The Prayer for Monetary Damages.*

 The plaintiffs have asked for $50,000 in damages in each Count of the complaint. At this point, there is nothing to indicate that this prayer for relief was made in bad faith. Nor, contrary to defendants' assertion, must the plaintiffs plead special damages in order to make out a claim for relief under § 1983 or § 1985.

The complaint alleges a constitutional violation sufficient for this court to exercise

jurisdiction under 28 U.S.C. § 1343(3). The court sees no reason to strike the damage claims since there is nothing to show that it was not pleaded in good faith or is not reasonably related to the loss allegedly suffered by plaintiffs.

F. *Motion for a More Definite Statement.*

■ Finally, the court will deny defendants' motion for a more definite statement. It appears from a reading of the complaint and the briefs on the pending motions that the defendants are perfectly able to respond to the allegations of the complaint. Thus, the Rule 12(e) motion is denied. This complaint is not so vague or ambiguous that defendants cannot reasonably be required to frame a responsive pleading.

II. *Hermes' Motion for Summary Judgment.*

■ Also before the court is plaintiff Hermes motion for a summary judgment on Count I pursuant to Rule 56, Fed.R.Civ.P. Hermes contends that the Board of Fire and Police Commissioners was in error in determining that Sergeant Billy Ralston should be ranked number one on the eligibility roster. The actual rankings after the evaluation of Sergeants who took the promotional examination for Lieutenants in 1978 showed that Billy Ralston was number one with a composite score of 91.21%. Plaintiff Hermes was number two on the roster with a composite score of 90.91%. Plaintiff Hermes alleges that Billy Ralston was impermissibly awarded ten percentage points based upon the number of years he had been employed as a police officer. Mr. Ralston served on the police force for 9 years and 8 months. Plaintiff Hermes contends that the Board's rounding up of Ralston's years of service from 9.68 years to 10 years was unlawful under Illinois law, not within the discretion of the Board and was discriminatory. Had Ralston been awarded 9 points for seniority, his total composite score would have been 90.21% or .7% below that of plaintiff Hermes. Hermes argues he has a right to the number one ranking

and the promotion that was given to Ralston.

This court must deny Hermes' motion for summary judgment for the following reasons: First, even if Hermes is correct in his contention that he should have been ranked number one and that Ralston was awarded an unwarranted seniority point, there is nothing in the pleadings or affidavits to show that Hermes would as a matter of law be entitled to promotion. As discussed above, there is a disputed question of fact as to whether or not the Board must promote the candidate who is number one on the eligibility roster. Nothing in the Illinois statute regarding the promotions in this case leads inescapably to this conclusion. Ill.Rev.Stat. ch. 24 § 10–2.1–15. Nor are the affidavits filed in this case sufficient to prove that Hermes is entitled as a result of the Board practices to be promoted. Second, even if the Board impermissibly awarded an extra seniority point to Ralston, there is nothing to show that this award was made because of the defendants' alleged political discrimination against Hermes. At this point whether or not the Board was in error in awarding Ralston 10 seniority points, this court could not decide that Hermes is entitled to relief as a matter of law.

III. *Conclusion*

This cause of action is not barred by the statute of limitations. Defendants' motion to dismiss is denied. The complaint pleads a cause of action based on political discrimination in promotion practices that violates the First and Fourteenth Amendments. The conspiracy counts are adequately pleaded, and there is nothing to indicate that defendants are unable to respond to the allegations of the complaint. Nor is there any indication that the prayer for monetary damages was not pleaded in good faith or is not reasonably related to the injury claimed by plaintiffs. The plaintiffs are given until December 14, 1979 to amend their complaint to properly plead a property interest in promotion and to join the police officers actually promoted as defendants.

Plaintiff Hermes' motion for summary judgment as to Count I is denied.

IT IS SO ORDERED.