**Kathleen DINTINO, individually and on behalf of all others similarly situated**

v.

**Joseph DORSEY, individually and in his capacity as Director of the Office of Judicial Support of Delaware County, Pennsylvania, and John Taylor, individually and in his capacity as Sheriff of Delaware County, Pennsylvania.**

**Civ. A. No. 81–1816.**

United States District Court,
E. D. Pennsylvania.

Sept. 14, 1981.

---

Mary Beth Seminario, Delaware County Legal Assistance Assn., Chester, Pa., for plaintiffs.

Michael J. Ehrling, Asst. County Sol., Media, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

### I.  Introduction

Plaintiff is a residential tenant in Delaware County, Pennsylvania.  She signed a form residential lease containing a standard "confession of judgment" clause for possession and money damages.  After she refused to pay her full rent,[1] her landlord exer-

---

1.  Plaintiff alleges that there periodically was no heat and hot water in her apartment in December, 1980 and January, 1981.  Complaint, ¶¶ 22 & 23.  She informed her landlord and withheld rent for the eleven days she had no heat.  *Id.* at ¶¶ 28 & 29.

cised its rights under this confession of judgment clause and obtained a judgment for possession and a writ of execution against plaintiff. Plaintiff challenges the procedures used by the Delaware County Court's Office of Judicial Support (the prothonotary) and Sheriff for entering and executing upon confessed judgments for possession. She alleges that these practices violated her constitutional rights since she did not receive adequate notice and an opportunity to be heard before her landlord obtained this confession of judgment.

Defendant Taylor is the Sheriff of Delaware County, Pennsylvania. He is responsible for executing upon judgments for possession and money damages entered by confession and evicting tenants on the basis of such judgments by force, if necessary. Defendant Dorsey is the Director of the Office of Judicial Support of Delaware County, Pennsylvania. He is responsible for recording judgments for possession and money damages entered by confession. He also is responsible for issuing writs of possession and execution against tenants who have had such confessed judgments entered against them.

Defendants move to dismiss this action, Fed.R.Civ.P. 12(b)(7), for failure to join a necessary party, *id.* at 19(a). They contend that plaintiff should have joined: (1) plaintiff's landlord, Apartment Communities Corp., d/b/a 640 South Avenue; (2) a defendant class consisting of all Delaware County, Pennsylvania landlords, the terms of whose leases contain confession of judgment clauses substantially similar to those in plaintiff's lease, and (3) the Pennsylvania Supreme Court and/or the justices of the Pennsylvania Supreme Court.

■ Rule 19 states in relevant part: A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he

claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

*Id.* This rule should be construed broadly in order "to promote the full adjudication of disputes with a minimum of litigation effort." 7 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1602, at 18 (1972). Therefore, if it is feasible, interested parties should be joined. *Hodgson v. School Board, New Kensington-Arnold School District,* 56 F.R.D. 393, 394 (W.D.Pa. 1972).

## II. Discussion

If plaintiff's constitutional attack on Delaware County's landlord-tenant practices is successful, the county landlord-tenant procedures would be altered and restructured at least with respect to plaintiff's landlord. This necessarily would affect the validity of the judgment and writ of execution that plaintiff's landlord already has obtained pursuant to the present procedure; indeed, a judgment in favor of plaintiff would impair her landlord's ability to eject plaintiff. *Cf. Hermes v. Hein,* 479 F.Supp. 820 (N.D. Ill.1979) (plaintiff challenged examination conducted to determine eligibility for promotion in police department; the police officers who actually received the promotions were necessary parties since their promotions were jeopardized).

■ If plaintiff's landlord were not a party to this lawsuit, it would be unable to state its views with respect to any change in county procedures. Moreover, any judgment that plaintiff received against the public official defendants would not have *res judicata* effect on her landlord. Thus, this inability to assert a position might re-

sult in later litigation between the landlord and the defendants here. For instance, the landlord might demand that the sheriff eject plaintiff pursuant to the writ of execution which the landlord now holds. This possibility of later litigation against defendants compels joinder of plaintiff's landlord, Fed.R.Civ.P. 19(a)(2)(ii); *see Zinman v. Federal Deposit Insurance Corp.*, C.A. No. 80–3281, slip op. at 4 (E.D.Pa. Apr. 28, 1981); *Hermes v. Hein*, 479 F.Supp. at 826; *Jones v. United Gas Improvement*, 68 F.R.D. 1, 6 n.2 (E.D.Pa.1975); *Hodgson v. School Board, New Kensington-Arnold School District*, 56 F.R.D. at 395, because the landlord is subject to service of process and its presence here will not deprive this court of subject matter jurisdiction. *Cf. Finberg v. Sullivan*, 634 F.2d 50 (3d Cir. 1980) *(en banc)* (consumer discount company initiated garnishment action against plaintiff; plaintiff brought suit against sheriff, prothonotary, and *consumer discount company* in which plaintiff sought to have declared unconstitutional state's post-judgment garnishment procedures). Therefore, to avoid this risk of duplicative litigation against the present defendants, I will dismiss this lawsuit unless within thirty days plaintiff amends her complaint to join her landlord as a party defendant.[2] *See Hermes v. Hein*, 479 F.Supp. at 826; 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1359, at 628 (1972) ("dismissal is warranted only where the defect cannot be cured").

■ Plaintiff need not join as a party-defendant a class consisting of all Delaware County residential landlords. Although I recognize that a judgment in plaintiff's favor as a practical matter may affect the interest of these persons (*e. g.*, their ability promptly to evict tenants without notice and a hearing), it would have only precedential and not *res judicata.* effect. The same could be said in any lawsuit which attacks a private party's use of an allegedly unconstitutional law, *e. g., Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (attack on state replevin statute); yet, the possibility of being affected adversely by such a public rights suit is not sufficient to make this absent private party "necessary" or "indispensable." *Cf. Kirkland v. New York State Department of Correctional Services*, 520 F.2d 420, 424 (2d Cir. 1975) (in cases involving the adjudication of public rights, third parties who may be affected adversely do not thereby become *indispensable* parties—citing cases), *cert. denied*, 429 U.S. 823, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976); *Natural Resources Defense Council Inc. v. Berklund*, 458 F.Supp. 925, 933 (D.D.C.1978) (same), *aff'd per curiam*, 609 F.2d 553 (D.C. Cir. 1980); *Sansom Committee v. Lynn*, 366 F.Supp. 1271, 1280–81 (E.D.Pa.1973) (same). Otherwise, the cost and complexity of such litigation would be prohibitive.[3]

■ It is not necessary for plaintiff to join the Pennsylvania Supreme Court or the justices of that court. The Pennsylvania Supreme Court did not promulgate the landlord-tenant practices of Delaware County, and plaintiff does not request any relief that requires that court's involvement. *Compare Finberg v. Sullivan*, 634 F.2d at 55 (plaintiff did not seek relief directly from Pennsylvania Supreme Court justices; joinder not necessary) *with Ricci v. State Board of Law Examiners*, 569 F.2d 782 (3d Cir. 1978) *(per curiam)* (Pennsylvania Supreme Court was a necessary and indispensable party to suit challenging denial of admission to the state bar since a Supreme Court ruling was necessary for admission to the bar). A declaration that the sheriff, prothonotary, and plaintiff's landlord violated plaintiff's rights would give plaintiff the relief she seeks: the ability to receive notice and present defenses before her landlord obtains a judgment for possession and money damages.

---

2. Plaintiff does not object to her landlord's intervention. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(7) at 4–5.

3. I need not express an opinion here on the absent landlords' right to intervene pursuant to Fed.R.Civ.P. 24. Nor do I decide now whether joinder is necessary if plaintiff is successful in certifying this suit as a class action.

### III. Conclusion

I will deny the defendants' motion to dismiss plaintiff's complaint. This denial is without prejudice as to its renewal if plaintiff fails within thirty days to join as a party-defendant plaintiff's landlord. The denial is also without prejudice as to its renewal with respect to joinder of a class of defendant landlords if plaintiff succeeds in certifying this lawsuit as a class action.