Joey Ronnell LEWIS, Plaintiff,

v.

COMMERCE BANK & TRUST,
a Kansas Corporation,
Defendant.

No. 03–4218–RDR.

United States District Court,
D. Kansas.

May 13, 2004.

Eric Kjorlie, Topeka, KS, for Plaintiff.

Eric I. Unrein, Davis, Unrein, McCallister, Biggs and Head, LLP, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

RICHARD D. ROGERS, District Judge.

This case is now before the court upon plaintiff's motion to amend the complaint.

The original complaint alleged a violation of plaintiff's right to enter and enforce contracts as protected by 42 U.S.C. § 1981. It also alleged various state law causes of action. Defendant filed a motion to dismiss. The court held that the complaint did not state a claim for a violation of § 1981 and that there were insufficient grounds to retain supplemental jurisdiction over the state law claims. The court gave plaintiff thirty days to ask to amend the complaint, otherwise the court would grant the motion to dismiss.

Plaintiff's motion to amend seeks to make one notable change vis-a-vis the § 1981 claim in the original complaint. Instead of claiming that defendant violated plaintiff's right to make and enforce contracts, plaintiff seeks to allege that defendant violated plaintiff's right to the full and equal benefit of the laws as protected by § 1981. The amended complaint makes no significantly different factual allegations.

The amended complaint alleges that on February 11, 2003 plaintiff, an African-American male, entered a branch of defendant's bank in Topeka, Kansas for the purpose of cashing a student loan check that was drawn upon an account of the bank. It is further alleged that a security guard "profiled" plaintiff as a "dangerous, suspicious" person who was casing the bank and likely to be involved in a heist or robbery. A written memorandum discussing plaintiff's activity inside the bank and indicating suspicions regarding plaintiff was communicated to other banks, including Fidelity State Bank & Trust Company in Topeka. A videotape of plaintiff's visit was also forwarded to other banks.

Plaintiff cashed the student loan check and left defendant's bank, having completed his business. Plaintiff alleges that he was illegally profiled by defendant on the basis of his race. In the amended complaint plaintiff asserts that his "opportunity and right to the full and equal benefit of all laws" as protected by § 1981 has been violated by reason of racial discrimination.

Section 1981 provides that: All persons within the jurisdiction of the United States shall have the same right ... to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

■ Motions to amend are to be freely granted "when justice so requires." FED. R.CIV.P. 15(a). Nevertheless, a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir.1992).

Defendant contends that the motion to amend should be denied and that this case should be dismissed because the proposed amended complaint could not withstand a motion to dismiss under FED.R.CIV.P. 12(b)(6). Defendant makes two arguments essentially: 1) that state action is a necessary element of a § 1981 equal benefit clause claim, and plaintiff does not allege and cannot demonstrate that element; and 2) regardless of the state action issue, plaintiff does not allege and cannot prove facts demonstrating a violation of the equal benefit clause.

The court acknowledges the split of authority as to the state action argument among the circuit courts and within this district. See *Lee v. Brown Group Retail, Inc.,* 2003 WL 22466187, Case No. 03–2304–GTV (D.Kan.10/6/03) (discussing the split of authority and finding that state action is not an element). We also acknowledge that § 1981 has been amended to explicitly protect against nongovernmental discrimination since this court held in 1986 in *Fisher v. Triplett, Inc.,* Case No. 83–4040, 1986 U.S.Dist. LEXIS 21423

(D.Kan.8/18/86) that state action was necessary to demonstrate a violation of the equal benefit clause. We will not attempt to decide the state action argument in this order.

■ The court shall deny leave to amend the complaint because the proposed amended complaint fails to state a claim for the violation of the equal benefit clause. Plaintiff does not allege facts to support a claim that defendant violated plaintiff's right to the equal benefit of "all laws and proceedings for the security" of his person or property. The complaint alleges that defendant "profiled" plaintiff as a "dangerous, suspicious individual" who was likely to be involved in a bank robbery and that defendant communicated this information to other banks in the area. The court is aware of no law or proceeding for the security of persons or property which is violated by this conduct.

The cases which have permitted § 1981 actions to proceed upon a claimed violation of the equal benefit clause, unlike the proposed amended complaint, allege detentions or arrests or searches by police or security personnel. See *Chapman v. Higbee Co.*, 319 F.3d 825 (6th Cir.2003); *Phillip v. University of Rochester*, 316 F.3d 291 (2nd Cir.2003); *Alexis v. McDonald's Restaurants*, 67 F.3d 341 (1st Cir.1995); *Lee v. Brown Group Retail, Inc.*, 2003 WL 22466187, Case No. 03–2304–GTV (D.Kan.10/6/03). The alleged facts in these cases are distinguishable from the allegations in the proposed amended complaint.

■ Plaintiff has also submitted an affidavit as part of plaintiff's response to the defendant's opposition to granting leave to amend the complaint. As the court stated in our last order, we do not believe we should determine whether a complaint states a claim on the basis of allegations which are in an affidavit and not in the complaint. See *Garg v. Albany Industrial Development Agency*, 899 F.Supp. 961, 969 (N.D.N.Y.1995); *Hermes v. Hein*, 479 F.Supp. 820, 824 (N.D.Ill.1979).

However, even if we considered the affidavit, we do not believe it would support a cause of action under § 1981. Plaintiff states in the affidavit that defendant delayed cashing the checks because defendant's employees were suspicious of him on account of his race. According to plaintiff, this made him feel uncomfortable, embarrassed, and humiliated as he waited at the bank while background checks were being done. Plaintiff states that "I felt that I was being detained." Plaintiff further states that he knows of a white person "similar in appearance to me and dress, and he told me that he was not detained when he went to cash his [student loan] check ... and had no problems receiving his money." [1]

The statements made in the affidavit do not describe a situation in which plaintiff was denied the equal benefit of laws and proceedings for the security of his person or property. The feeling of detention is simply not comparable to the cases cited above where persons actually were detained by police officers or security personnel.

■ Even applying this affidavit to the theory of the original complaint—that plaintiff was denied the right to make and enforce contracts—it falls short of stating a cause of action. The Tenth Circuit has stated that a § 1981 claim for interference with contract rights must involve more than "the mere expectation of being treated without discrimination while shopping." *Hampton v. Dillard Dept. Stores, Inc.*, 247

---

1. According to plaintiff's affidavit filed in response to the original motion to dismiss, plaintiff had to wait in the bank lobby for 15 to 20 minutes to have his check cashed.

F.3d 1091, 1118 (10th Cir.2001) *cert. denied*, 534 U.S. 1131, 122 S.Ct. 1071, 151 L.Ed.2d 973 (2002). The First Circuit has stated: "So long as watchfulness neither crosses the line into harassment nor impairs a shopper's ability to make and complete purchases, it is not actionable under section 1981." *Garrett v. Tandy Corp.*, 295 F.3d 94, 101 (1st Cir.2002). Plaintiff was forced to wait longer than most people would like to have his check cashed. He felt humiliated by the background checks that were occurring. He also alleges that white persons would not have experienced this delay and humiliation. But, the fact remains that he was able to complete his transaction with defendant, and this appears to be the key fact under Hampton and Garrett and the other cases cited in our prior decision.[2]

To reiterate, plaintiff does not make the claims in his proposed amended complaint that he makes in his affidavit. Nor does the proposed amended complaint allege a violation of the right to make and enforce contracts. But, if the affidavit was treated as part of the amended complaint and if the amended complaint alleged a violation of the contracts clause, the court would still find that the complaint did not state a claim under § 1981 for racial discrimination in a contractual relationship.

Defendant asks the court to assess sanctions against plaintiff. After careful consideration of the issue, the court shall decline to assess sanctions.

In conclusion, the court shall deny plaintiff's motion to amend and find that plaintiff has failed to state a claim for violation of federal law. The court shall decline to exercise supplemental jurisdiction of plaintiff's state court claims and direct that this case be dismissed.

**IT IS SO ORDERED.**

---

2. We recognize that some line-drawing is required in this analysis and that some courts have refused to dismiss claims based on somewhat similar facts. See *Allen v. U.S. Bancorp.*, 264 F.Supp.2d 945 (D.Or.2003) (rejecting motion to dismiss § 1981 claim based on allegation that plaintiff was ordered by bank to remove his sunglasses and told to move to a different line for service in making a deposit, thus denying plaintiff timely service, when white customers were not made to follow those requirements); *Kelly v. Bank*

*Midwest*, 161 F.Supp.2d 1248 (D.Kan.2001) (denying summary judgment against a § 1981 claim when a reasonable factfinder could determine that bank imposed different criteria-including attempting to see whether a check was stolen-with respect to plaintiff's loan application than it did to loan applications of non-minorities); *Craig v. U.S. Bancorp*, 2004 WL 817149 (D.Or.2004) (refusing to cash a check and then delaying the cashing of a check states a claim under § 1981.)