NATIONAL ORGANIZATION FOR WOMEN, INC. (NOW), SAINT PAUL CHAPTER, et al., Plaintiffs,

and

Everett Sheppard, Plaintiff-Intervenor,

and

Dorothy Hughes, on behalf of herself and all others similarly situated, Plaintiffs-Intervenors,

and

Equal Employment Opportunity Commission (EEOC), Intervenor,

v.

MINNESOTA MINING AND MANUFACTURING COMPANY, a Delaware Corporation, Defendant.

No. 4–74 Civ. 555.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 26, 1977.

Paul C. Sprenger, and Robert L. Shutes, Johnson & Sands, Minneapolis, Minn., for plaintiffs and plaintiffs-intervenors.

Bruce B. Elfvin and Rosemary Rodriguez, Equal Employment Opportunity Commission, Chicago, Ill., for the EEOC.

Thomas P. Kane, Robert R. Reinhart, Jr., Samuel E. Wetterlin, and Stephen Rowley, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for 3M.

Francis X. Helgesen, Minneapolis, Minn., for Local 6–418 of the Oil, Chemical and Atomic Workers Intern. Union and Local 6–75 of the Oil, Chemical and Atomic Workers Intern. Union.

## MEMORANDUM ORDER

DONALD D. ALSOP, District Judge.

This matter comes before the court on various motions of the parties. Defendant ("3M") has moved to compel joinder of two local unions, to limit the complaint of plaintiff-intervenor Equal Employment Opportunity Commission ("EEOC"), to limit the scope of discovery and to compel production of certain documents. The EEOC has

moved to compel production of documents. Plaintiffs National Organization for Women ("NOW"), Ricker and Weigenant have moved to compel production of documents and to compel answers to interrogatories.

## MOTION TO JOIN THE UNIONS

On September 7, 1976, this court certified a class composed of all women who are presently employed by 3M as hourly employees at 3M's Chemolite and St. Paul plants or who have been employed by 3M in such status at any time since July 2, 1965, whose claims under Title VII of the Civil Rights Act of 1964 are not barred by the applicable statute of limitations and who have not effectively released such claims.

■ In the complaint plaintiffs allege that 3M has and does engage in sexually discriminatory employment practices with respect to the recruitment, hiring, training and testing, job assignments, compensation, promotion, terms and conditions of employment, and discharge and retention of its female employees.[1] Plaintiffs seek to have the court enjoin defendant from continuing to engage in discriminatory employment practices, compel affirmative action to eliminate the results of past practices and award restitutionary back pay.

At the Chemolite and St. Paul plants 3M's hourly employees have been and are subject to collective bargaining agreements. The employees at the Chemolite plant are represented by Local 6–418 of the Oil, Chemical and Atomic Workers International Union. The employees at the St. Paul plant are represented by Local 6–75 of the Oil, Chemical and Atomic Workers International Union.

It is clear that, although the complaint does not formally allege that the collective bargaining agreements contain unlawful provisions, at least some of the allegedly discriminatory practices of which plaintiffs complain may be embodied in provisions of the collective bargaining agreements[2] which were negotiated by and between 3M and the two unions. It is also clear that at least some of the relief which the plaintiffs seek may affect the rights and interests of the unions.

Rule 19(a), Fed.R.Civ.P., provides in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

In order to afford all parties a hearing and to allow the court to fashion relief as complete as is warranted by the evidence, the court will order that the two unions be joined. It might well be that the court would be able to fashion a type of relief that would eliminate the discrimination complained of by plaintiffs without affecting prejudicially the rights of the unions or its members. *See Norman v. Missouri Pac. R. R.,* 414 F.2d 73 (8th Cir. 1969). However, in order to assure that the court's remedy will be effective, the court concludes that the two local unions must be joined as parties defendant. *Gilmore v. Kansas City Terminal Ry.,* 509 F.2d 48 (8th Cir. 1975); *see also Wright v. Stone Container Corp.,* 524 F.2d 1058 (8th Cir. 1975); *Evans v.*

---

1. In addition, plaintiff Everett Sheppard alleges that 3M engages in racially discriminatory employment practices.

2. The respective collective bargaining agreements contain provisions relating to job classi-

fication, wages, seniority, transfer policy and maternity leave.

*Sheraton Park Hotel,* 164 U.S.App.D.C. 86, 503 F.2d 177 (1974); *Bremer v. St. Louis Southwestern R. R.,* 310 F.Supp. 1333 (E.D. Mo.1969).

■ In addition, it is undisputed that the job classification and seniority systems of which plaintiffs complain are defined by the collective bargaining agreements. As parties to the collective bargaining agreements the unions are closely involved in the matters of which plaintiffs complain. *EEOC v. United States Pipe & Foundry Co.,* 375 F.Supp. 237 (N.D.Ala.1974). To the extent that the job classification and seniority systems and other policies embodied in the collective bargaining agreements are responsible for any sexually discriminatory practices, the unions may be liable for past discrimination. The right to be free of discrimination is not one which can be bargained away by a union, by an employer or by both acting in concert. If either accedes to a discriminatory provision, both will be liable for back pay. *United States v. N. L. Industries, Inc.,* 479 F.2d 354 (8th Cir. 1973); *Robinson v. Lorillard Corp.,* 444 F.2d 791 (4th Cir. 1971), *cert. dismissed,* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1972). This is true even where there is no intent to discriminate. *EEOC v. Rexall Drug Co.,* 9 EPD ¶ 9936 (E.D.Mo.1974).[3] Therefore, the unions also remain potentially liable for any award of back pay which the court might order to remedy discriminatory practices which may be embodied in the collective bargaining agreements.

Two other factors also seem to mandate joinder of the unions. First, joinder of the unions will insure that the interests of 3M employees who are not members of the certified classes will be represented. Some of these employees appear to have an interest in the present job classification and seniority systems. *See Window Glass Cutters League v. American St. Gobain Corp.,* 428 F.2d 353 (3d Cir. 1970); *Neal v. System Bd. of Adjustment,* 348 F.2d 722 (8th Cir.

1965). The court would be reluctant to affect the rights of such persons without hearing from the unions which represent, pursuant to statutory obligation, all the employees to be affected. *See EEOC v. United States Pipe & Foundry Co., supra.* The court is convinced that joinder of the unions is mandated in order to allow them to protect their own interests and the interests of their members in the outcome of this litigation.

Secondly, the company's obligations under the collective bargaining agreements with the unions might be substantially inconsistent with the obligations imposed upon it by the court as a result of the present action. For this reason as well, the court concludes that joinder is required in order to avoid leaving 3M subject to a substantial risk that its judgment obligations would be inconsistent with its obligations under the collective bargaining agreements. *See Hodgson v. School Board, New Kensington-Arnold School District,* 56 F.R.D. 393, 395 (W.D.Pa.1972).

### MOTION TO LIMIT THE COMPLAINT OF THE EEOC

On September 19, 1975, the court[4] ordered that the EEOC be allowed to intervene as a party plaintiff. Such intervention was permissive in nature. Fed.R.Civ.P. 24(b)(1); 42 U.S.C. § 2000e–5(f)(1).

3M now seeks to limit the scope of the EEOC's intervention to the complaint of the private plaintiffs. The effect of the limitation sought by 3M would be to limit the EEOC to litigating matters concerning sexually discriminatory practices involving hourly employees at 3M's Chemolite and St. Paul plants and concerning Everett Sheppard's termination. The EEOC, on the other hand, seeks to litigate the issues of sexual and racial discrimination on a company-wide basis.

---

**3.** Refusal to join the union under such circumstances might bring into question plaintiffs' adequacy as class representatives. *See Wright v. Stone Container Corp., supra,* 524 F.2d at 1062.

**4.** The Honorable J. Earl Cudd, United States Magistrate, District of Minnesota, acting pursuant to Local Rule.

Because the EEOC failed to satisfy the statutory prerequisites [5] for the maintenance of its own action, there is no doubt that the EEOC did not have the power to bring an independent action raising issues of alleged discrimination by 3M. *EEOC v. Hickey-Mitchell,* 507 F.2d 944 (8th Cir. 1974). In addition, while an action brought by a private party is pending, even if the EEOC had fulfilled the statutory prerequisites, it would be relegated to its right of intervention and may not bring an independent action arising out of the same fact situation and based on the identical charge before the EEOC. *EEOC v. Missouri Pac. R. R.,* 493 F.2d 71 (8th Cir. 1974).

■ The EEOC need not be limited to the specific allegations of a private plaintiff's complaint in all cases. When the EEOC is permitted to intervene, its intervention in an appropriate case may enlarge the scope of the action to extend beyond the discriminatory practices of which the private plaintiff complains and beyond the relief the private party seeks. *EEOC v. Kimberly-Clark Corp.,* 511 F.2d 1352 (6th Cir. 1975); *EEOC v. Huttig Sash & Door Co.,* 511 F.2d 453 (5th Cir. 1975); *EEOC v. Missouri Pac. R. R., supra; EEOC v. Raymond Metal Products Co.,* 385 F.Supp. 907 (D.Md. 1974), *rev'd on other grounds,* 530 F.2d 590 (4th Cir. 1976). The scope of the EEOC's intervention in such a case is limited to discriminatory practices alleged in the private plaintiff's charge before the EEOC or practices discovered in the course of a rea-sonable investigation of that charge. *EEOC v. Occidental Life Ins. Co.,* 535 F.2d 533 (9th Cir. 1976); *EEOC v. General Elec. Co.,* 532 F.2d 359 (4th Cir. 1976).

■ The present case, however, is not an appropriate one for allowing the EEOC to enlarge the scope of the action. If the EEOC had investigated the charges of discrimination against 3M, had determined after investigation that there was reasonable cause to believe that the charges were true and had been unable to secure from 3M an acceptable conciliation agreement,[6] it would be permitted to intervene and to enlarge the scope of the action. *See EEOC v. Kimberly-Clark Corp., supra; EEOC v. Huttig Sash & Door Co., supra; EEOC v. Missouri Pac. R. R., supra; Jones v. Holy Cross Hospital Silver Springs, Inc.,* 64 F.R.D. 586 (D.Md.1974). Because the EEOC failed to attempt conciliation, it will be limited to intervening and assisting the private plaintiffs. The EEOC will not be permitted to use the mechanism of intervention to circumvent the statutory prerequisites to the EEOC's institution of its own action. *Jones v. Holy Cross Hospital Silver Springs, Inc., supra; but see Stuart v. Hewlett-Packard Co.,* 66 F.R.D. 73 (E.D.Mich.1975).

Even if the EEOC had attempted conciliation and had failed to reach an acceptable agreement, the court would have been inclined to limit the scope of the EEOC's complaint. When the court permitted the EEOC to intervene, it remained empowered

---

**5.** 42 U.S.C. § 2000e–5 provides in pertinent part:

(a) * * *

The Commission is empowered, as hereinafter provided, to prevent any person from engaging in any unlawful employment practice as set forth in section 2000e–2 or 2000e–3 of this title.

(b) * * *

Whenever a charge is filed by or on behalf of a person claiming to be aggrieved * * * alleging that an employer * * * has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge * * * on such employer * * * (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. * * * If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * *

* * * * * *

(f) * * *

(1) If within thirty days after a charge is filed with the Commission * * * the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent * * * named in the charge. * * *

**6.** These steps are prerequisites to the EEOC's bringing of an independent action. 42 U.S.C. § 2000e–5(f)(1).

to exercise its discretion to limit the scope of that intervention. *Van Hoomissen v. Xerox Corp.,* 497 F.2d 180 (9th Cir. 1974). If the EEOC were permitted to intervene and to allege sexual and racial discrimination on a company-wide basis, it is apparent that procedural matters [7] would further delay trial and that the scope of the trial [8] would be unnecessarily expanded. Expansion of the scope of the EEOC's intervention would defeat the Congressional intent that the aggrieved employees secure prompt relief. *See EEOC v. E. I. duPont de Nemours & Co.,* 373 F.Supp. 1321, 1331 n. 15 (D.Del.1974), *aff'd,* 516 F.2d 1297 (3d Cir. 1975). Therefore, the EEOC's intervention must be limited in order to insure the efficient conduct of the proceedings. *See Ionian Shipping Co. v. British Law Ins. Co.,* 426 F.2d 186 (2d Cir. 1970).

## DISCOVERY

■ The scope of discovery in civil actions is established by Rule 26, Fed.R.Civ.P. Rule 26(b)(1) provides in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party   .   .  ..

The rule thus limits the scope of permissible discovery to relevant matters, but it is to be liberally construed. *See Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

■ In a case alleging discrimination, statistics may tell much. *Alabama v. United States,* 304 F.2d 583, 586 (5th Cir.), *aff'd,* 371 U.S. 37, 83 S.Ct. 145, 9 L.Ed.2d 112

(1962). In an appropriate case, statistical data may demonstrate an employer's over-all pattern of conduct and may make possible a determination as to whether the employer has discriminated against particular individuals or against an entire class. *Burns v. Thiokol Chemical Corp.,* 483 F.2d 300 (5th Cir. 1973).

■ 3M seeks to limit discovery on the issue of sex discrimination to the employment history of persons employed as hourly workers at the Chemolite and St. Paul plants. Even though the scope of the action as it relates to sex discrimination is limited to female hourly employees at the Chemolite and St. Paul plants, information concerning the past history of both male and female employees on a company-wide basis may well be relevant. It is therefore discoverable.

■ The scope of the action as it relates to racial discrimination is limited to Everett Sheppard's claim of wrongful termination. Information concerning both whites and minorities recruited and hired by 3M as sales representatives and those persons' subsequent employment histories may also be relevant. It too is discoverable.

## ORDER

Upon the foregoing,

IT IS ORDERED That defendant's motion to compel joinder of Local 6–75 and Local 6–418 of the Oil, Chemical and Atomic Workers International Union be and the same hereby is granted.

IT IS FURTHER ORDERED That plaintiffs and plaintiff-intervenors be and the same hereby are allowed thirty (30) days

---

**7.** If the court were to permit the EEOC to proceed on a company-wide basis, it appears that 3M would seek to compel joinder of the various other local unions which represent certain other employees of 3M and which are parties to collective bargaining agreements with 3M. If those unions were ordered to be joined, some of them could be expected to move for dismissal based on a lack of personal jurisdiction.

**8.** To try the issues the EEOC wishes to litigate it would be necessary to consider the policies and practices which affect the employees in all of 3M's divisions and departments. 3M has 44 divisions and departments that operate in a virtually independent fashion and that are responsible for personnel policies such as hiring, promotion and discharge. These divisions and departments make up eight vertically distinct product groups and have 101 manufacturing operations in 34 states. Of these 101 manufacturing units, 42 are unionized.

from the date hereof to file amended complaints so as to assert their claims for injunctive, declaratory and restitutionary relief against the above-mentioned unions as well as against 3M.

IT IS FURTHER ORDERED That defendant be and it hereby is allowed twenty (20) days from the filing of the amended complaints within which to file any cross-claims which it may wish to assert against the above-mentioned unions.

IT IS FURTHER ORDERED That defendant's motion to limit the scope of the EEOC's intervention to the scope of the private plaintiffs' complaint be and the same hereby is granted, and the scope of the EEOC's intervention will be limited to the allegations made by Everett Sheppard as an individual and the allegations made by the representatives of the classes defined by the order of this court on September 7, 1976.

IT IS FURTHER ORDERED That defendant's motion to limit the scope of discovery to the employment history of persons employed as hourly workers at the Chemolite and St. Paul plants and to Everett Sheppard's termination, be and the same hereby is denied.

IT IS FURTHER ORDERED That the EEOC's motion to compel production of documents be and the same hereby is granted to the extent necessary to provide the scope of discovery set forth herein.

IT IS FURTHER ORDERED That defendant be and the same hereby is granted leave to move the court for such protective orders as it may deem necessary to insure the confidentiality of such of its employment records as it deems necessary to remove from public inspection.

IT IS FURTHER ORDERED That the EEOC's motion to award costs, expenses and attorneys' fees in connection with its motion to compel production of documents be and the same hereby is denied.

IT IS FURTHER ORDERED That the motion of plaintiffs NOW, Ricker and Weigenant to compel production of documents and to compel answers to interroga-tories be and the same hereby are granted to the extent necessary to provide the scope of discovery set forth herein.

IT IS FURTHER ORDERED That defendant's motion to compel production of documents be and the same hereby is denied, without prejudice to the right of defendants to renew such motion.

IT IS FINALLY ORDERED That counsel for all parties meet and confer for the purpose of identifying such documents and computer data as are discoverable pursuant to this order, and to the extent that disagreement on individual documents or data remains, any party may make appropriate further motion with reference thereto.