Stephanie E. FORSBERG, individually and on behalf of all similarly situated persons, Plaintiff,

v.

PACIFIC NORTHWEST BELL TELEPHONE CO., a Washington corporation, Defendant.

Civ. No. 84-1401-FR.

United States District Court, D. Oregon.

July 12, 1985.

Dan O'Leary, Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary & Conboy, Henry Kantor, Delo, Kantor & Stamm, Portland, Or., for plaintiff.

Lester V. Smith, Jr., Kenneth E. Jernstedt, David H. Wilson, Jr., Corbett Gordon, Bullard, Korshoj, Smith & Jernstedt, P.C., Portland, Or., for defendant.

## ORDER

FRYE, Judge:

In the matter before the court, plaintiff Stephanie E. Forsberg moves the court to reconsider its ruling of March 29, 1985, 623 F.Supp. 117, joining the Communications Workers of America and several CWA Locals (the Union) as parties defendants pursuant to Fed.R.Civ.P. 19(a). In the alternative, plaintiff moves the court for an order realigning the Union as a plaintiff.

Plaintiff asks this court to reconsider its decision to join the Union as defendant because the joinder creates a conflict of interest for plaintiff's counsel in that the Union has agreed to cover certain costs of plaintiff's case and has retained plaintiff's counsel. Plaintiff contends that joining the Union is a substantial and unnecessary hardship to plaintiff and not in the interest of justice because no liability can be assessed against the Union. In addition, plaintiff asserts that jurisdiction cannot be properly maintained against the Union be-

cause it is not named in the EEOC complaint.

Defendant opposes reconsideration of the merits of joining the Union as defendant. Defendant asserts that it is proper for the Union to be a defendant in this action to accord complete relief and to avoid its being faced with potentially inconsistent obligations, one to the plaintiff and one to the Union. In addition, defendant argues that the Union would be able to avoid its Title VII responsibilities by "planting" a friendly plaintiff, providing her with funds and attorneys, and conspiring to eliminate the claims against the Union if joinder is not proper.

## APPLICABLE LEGAL STANDARD

■ Fed.R.Civ.P. 19(a) grants the court the discretion to join parties found to be essential for a just adjudication of the impending controversy. The inquiry focuses upon the practical effects of joinder and non-joinder, and the determination is heavily influenced by the facts and circumstances of each case. *Eldredge v. Carpenters 46, etc.*, 662 F.2d 534 (9th Cir.1981).

Rule 19 requires two separate inquiries articulated in *Bakia v. County of Los Angeles*, 687 F.2d 299 (9th Cir.1982):

... The first step is to consider whether non-joinder would prevent the award of complete relief, or the absentee's interests would otherwise be prejudiced or the persons already parties would be subject to a substantial risk of double or inconsistent obligations.

There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). Underlying policies include plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party....

The second step is to decide under Rule 19(b) whether "in equity and good conscience" a court should proceed without the absent party. *Provident Bank v. Patterson*, 390 U.S. 102, 109 [88 S.Ct.

733, 737, 19 L.Ed.2d 936] ... Rule 19(b) lists four factors to be considered in making that determination. They include an analysis of (1) the extent to which a judgment rendered without the absentee would prejudice him or existing parties; (2) the extent to which prejudice could be lessened or avoided by other measures; (3) the adequacy of a judgment rendered without the absentee; and (4) the adequacy of plaintiff's remedies if an action is dismissed for non-joinder. In this case, litigation strategy and the effect of delay in the state courts appear to be major concerns of the parties....

*Id.* at 301.

## ANALYSIS

In *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981), the Supreme Court held that an employer found liable to its employees for a violation of Title VII and the Equal Pay Act cannot force a union to share the liability in an independent action for contribution. The Court held that there was no statutory or common law right upon which the employer was entitled to recover from the union. Relying upon that decision, other courts have dismissed the claims of employers seeking to force a union to share in the employer's potential Title VII liability. *See, e.g., Am. Fed. of St., Cty. & Mun. v. City of New York*, 599 F.Supp. 916 (S.D. N.Y.1984) (employer's counterclaims for contribution and indemnity against plaintiff/union in a Title VII action dismissed) and *Anderson v. Loc. U. No. 3, Intern. Broth. of Elec.*, 582 F.Supp. 627 (S.D. N.Y.1984) *aff'd.* 751 F.2d 546 (1984), (no claim for contribution can be asserted against a union where the union and the employer are defendants in the same action).

■ While the issue in this case does not involve an action for contribution, the reasoning of *Northwest Airlines* bears upon this court's decision. While it may be proper to join the Union for certain purposes, it is clear that the defendant-employ-

er is not entitled to join the Union in this action in order to share any potential liability.

Plaintiff filed this action against her employer and not against the Union. The Union was not named in the EEOC charge or the right to sue letter. At this point in the litigation, the court concludes that it is not proper for the plaintiff or the defendant/employer to assert liability against the Union. This is not to say that the Union is insulated from liability for a violation of Title VII or the Equal Pay Act. This plaintiff or any other plaintiff may file the requisite charge with the EEOC and proceed against the Union.

The issue before this court then is whether it is necessary to join the Union as a defendant in this action, given the fact that it cannot be forced to share liability with the employer at this point in the litigation. This is a determination which this court must make, taking into consideration all the facts before it as well as the practical consequences of its decision.

■ The court is satisfied that complete relief can be afforded to this plaintiff and to any future class by ordering back pay and other relief found to be appropriate, in the event that a violation of Title VII is found. In addition, the court finds that the parties to this action will not be prejudiced by the Union's absence, given the fact that there is currently no charge by the plaintiff of wrongdoing against the Union or any basis for the employer to hold the Union liable. The Union is therefore not an indispensible party.

■ However, a union may be joined where the court perceives its participation as necessary for a just adjudication. Fed. R.Civ.P. 19(a). The potential for inconsistent obligations arises when, as in this case, plaintiff challenges specific terms of employment contained within the collective bargaining agreement and appropriate relief may require revision of those terms of employment. *See, Karan v. Nabisco, Inc.,* 78 F.R.D. 388 (W.D.Pa.1978). Under these circumstances, it may be appropriate for the court to fashion relief which will protect the interests of all parties.

■ IT IS THEREFORE THE ORDER OF THE COURT that the Union be realigned as a non-aligned party joined solely for the limited purposes of assuring (1) that any relief granted to the plaintiff will be binding upon the Union, and (2) that the employer will not be subject to inconsistent obligations based upon any relief this court may grant. Should facts become apparent in later stages of this litigation that the Union should be aligned as plaintiff or defendant, further action can be taken.